1  DANIEL M. PETROCELLI (S.B. #97802)
   dpetrocelli@omm.com
2  DREW E. BREUDER (S.B. #198466)
   dbreuder@omm.com
3  TIMOTHY B. HEAFNER (S.B. #286286)
   theafner@omm.com
4  O'MELVENY & MYERS LLP
   1999 Avenue of the Stars, 8th Floor
5  Los Angeles, California  90067-6035
   Telephone:   (310) 553-6700
6  Facsimile:   (310) 246-6779

7  Attorneys for Defendant
   Walt Disney Pictures
8

9                **UNITED STATES DISTRICT COURT**

10           **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| NEVERSINK PRODUCTIONS CORPORATION,<br><br>                    Plaintiff,<br><br>     v.<br><br>WALT DISNEY PICTURES, a California corporation, and DOES 1-100,<br><br>                    Defendants. | Case No. CV_____<br><br>**NOTICE OF REMOVAL OF DEFENDANT WALT DISNEY PICTURES**<br><br>(28 U.S.C. §§ 1332(d), 1441(a))<br><br>Los Angeles County Superior Court Case No. 18STCV07487<br><br>Complaint Served: December 14, 2018<br>Removal Date:     January 11, 2019 |

TO THE CLERK OF THE ABOVE-ENTITLED COURT AND ALL PARTIES AND THEIR COUNSEL OF RECORD:

**PLEASE TAKE NOTICE** that, pursuant to U.S.C. Sections 1332(d), 1441(a), 1446, and 1453, Defendant Walt Disney Pictures ("WDP") hereby removes this action from the Superior Court for the State of California for the County of Los Angeles to the United States District Court for the Central District of California, Western Division. Removal is proper because this is a putative class action that satisfies the jurisdictional prerequisites under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). As alleged in the Complaint, the proposed plaintiff class consists of over 100 members, and minimal diversity exists because WDP is a citizen of California and the purported class is alleged to include citizens of other states. Additionally, the alleged amount in controversy exceeds $5 million. This Notice of Removal is timely because it has been filed within 30 days of the date WDP was served with the summons and complaint. *See* 28 U.S.C. § 1446(b). Thus, this Court has original jurisdiction over this action. *See* 28 U.S.C. § 1332(d)(2).

## I. PROCEDURAL BACKGROUND AND TIMELINESS OF REMOVAL

1. On December 6, 2018, Plaintiff Neversink Productions Corporation ("Plaintiff") filed a putative class action against WDP in the Superior Court for the State of California, County of Los Angeles, captioned *Neversink Productions Corporation v. Walt Disney Pictures, et al.*, Los Angeles Superior Court Case No. 18STCV07487 (the "Superior Court Action").

2. Plaintiff served WDP with the Superior Court Action Summons and Complaint on December 14, 2018. WDP has not yet responded to the Complaint. This Notice of Removal is timely because it is filed within 30 days of service of the Complaint on WDP. *See* 28 U.S.C. § 1446(b).

1  3. Pursuant to 28 U.S.C. Section 1446(a), WDP has attached as **Exhibits 1-11** a copy of all process, pleadings, and orders served upon WDP in the Superior Court Action.

4. Plaintiff purports to bring this nationwide class action against WDP for its alleged failure to properly account to the nationwide class for revenue and income derived from the home video distribution of motion pictures. Compl. ¶ 2. Specifically, Plaintiff seeks to represent a putative class consisting of "[a]ll persons and entities…who are parties to a profit participation agreement on a motion picture distributed by [WDP], which does not have an express term requiring Home Video Revenue…to be accounted for based on a royalty percentage." *Id.* ¶ 28.

5. Plaintiff alleges that WDP breached its agreements with Plaintiff and other class members by failing to include 100% of the home video revenue received from its distribution of motion pictures, as purportedly required by parties' agreements, when calculating contingent compensation owed to Plaintiff and the other class members. *Id.* ¶¶ 4, 44. Plaintiff alleges that WDP only included 20% of the home video revenue it received and withheld the balance. *Id.*

6. On behalf of Plaintiff and the putative class, the Complaint alleges claims against WDP for (1) Breach of Contract; (2) Breach of Covenant of Good Faith and Fair Dealing; (3) Money Had and Received; (4) Declaratory Judgment; (5) Common Count - Open Book Account; and (6) Violations of California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq. See* Compl. ¶¶ 40–72.

7. Plaintiff seeks damages, injunctive relief, attorneys' fees and costs, and an award of pre-judgment and post-judgment interest. *Id*. at 15-16 (Prayer for Relief). Plaintiff has not pled a specific amount in controversy.

II.  **NO ADMISSION**

8. WDP denies any liability in this case, both as to Plaintiff's individual claim and as to the putative class members' claims. WDP also believes that Plaintiff's proposed class definition is improper and that class certification is

- 2 -  NOTICE OF REMOVAL OF DEF. WALT DISNEY PICTURES

inappropriate in this matter. In discussing the number of class members, the amount in controversy, and other matters in this Notice of Removal, WDP does not concede in any way that the allegations in the Complaint are accurate or that Plaintiff or any other putative class member is entitled to any relief whatsoever.

### III. JURISDICTION AND BASIS FOR REMOVAL

9. This action is removable pursuant to 28 U.S.C. Section 1441(a) because this is an action over which this Court has original jurisdiction.

10. This Court possesses original jurisdiction over this action under CAFA, 28 U.S.C. § 1332(d), which grants district courts original jurisdiction over class actions (1) involving a plaintiff class of 100 or more members; (2) where any member of the proposed class is a citizen of a state different from any defendant; and (3) the amount in controversy exceeds $5 million in the aggregate, exclusive of interests and costs. *See* 28 U.S.C. § 1332(d)(2)-(5); *see also Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014) (explaining that "CAFA's provisions should be read broadly") (internal quotation marks omitted); S. Rep. No. 109-14 at 42 (Congress intended federal courts to resolve uncertainties about removal "in favor of exercising jurisdiction over the matter"). These conditions are satisfied here for the reasons set forth below.

#### A. The Plaintiff Class Consists of Over 100 Members

11. This action meets the CAFA definition of a class action, which is "any civil action filed under [R]ule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure." 28 U.S.C. § 1332(d)(1)(B); *see* Compl. ¶¶ 28–39. Under CAFA, district courts have original jurisdiction over class actions involving a putative class of 100 or more members. 28 U.S.C. § 1332(d)(5)(B). Although Plaintiff's Complaint is vague, Plaintiff purports to bring claims on behalf of "[a]ll persons and entities…who are parties to a profit participation agreement on a motion picture distributed by [WDP], which does not have an express term requiring Home Video revenue…to be accounted for based on

1  a royalty percentage." Compl. ¶ 28. Moreover, Plaintiff expressly alleges that
2  there are "hundreds of Class members." *Id.* ¶ 32. Accordingly, based on Plaintiff's
3  own allegations, the aggregate number of class members exceeds 100 persons for
4  purposes of this Notice of Removal. *See* 28 U.S.C. § 1332(d)(5)(B); *Kearney v.*
5  *Direct Buy Associates, Inc.*, 2014 WL 12588636, at *4-*5 (C.D. Cal. Oct. 23, 2008)
6  (allegations that the class has more than 100 members "satisfies CAFA's
7  numerosity requirement").

        **B.**     **There is Minimal Diversity of Citizenship**

9        12.     Minimal diversity exists between WDP and the members of the
10 putative class under 28 U.S.C. Section 1332(d)(2)(A). Under CAFA "minimal
11 diversity," not complete diversity, of citizenship is required for removal—a
12 condition which is satisfied where "any member of a class of plaintiffs is a citizen
13 of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). *See also*
14 *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021 (9th Cir. 2007) (complete
15 diversity not required for CAFA).

16       13.     A corporation is "deemed to be a citizen of every State and foreign
17 state by which it has been incorporated and of the State or foreign state where it has
18 its principal place of business." 28 U.S.C. § 1332(c)(1). "The term 'principal place
19 of business' means 'the place where a corporation's officers direct, control, and
20 coordinate the corporation's activities.'" *Martinez v. Michaels*, 2015 WL 4337059,
21 at *3 (C.D. Cal. July 15, 2015) (quoting *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93
22 (2010)).

23       14.     WDP is a California corporation with its headquarters located in Los
24 Angeles County, California. *See* Compl. ¶ 8 (alleging that WDP is "a California
25 corporation whose principal place of business is located in Los Angeles County,
26 California"). Accordingly, WDP is a citizen of California for purposes of minimal
27 diversity.
28

15.     Plaintiff purports to represent a "nationwide class," *id.* ¶ 2, which supports that at least one member of the proposed class is likely from a state other than California, thereby satisfying minimal diversity for purposes of CAFA jurisdiction. *See*, *e.g.*, 28 U.S.C. § 1332(d)(1)(D) ("'class members' means the persons (named or unnamed) who fall within the definition of the proposed or certified class in a class action"); *Rossetti v. Stearn's Prod., Inc.*, 2016 WL 3277295, at *1 (C.D. Cal. June 6, 2016) (the "removability of an action is adjudged by way of the complaint as it exists at the time of removal" and noting at "the time of removal, the original Complaint was pled as a nationwide class"); *Margulis v. Resort Rental, LLC*, 2008 WL 2775494, at *2 (D.N.J. July 14, 2008) ("[G]iven that plaintiff alleges a nationwide class, the Court finds that defendant's notice of removal establishes [minimal diversity] by a preponderance of the evidence.").

### C.     **The Amount in Controversy Exceeds $5,000,000**

16.     The alleged amount in controversy in this action satisfies CAFA's $5 million jurisdictional threshold. Under CAFA, the claims of the individual class members are aggregated to determine if the amount in controversy exceeds the required "sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010). To determine the amount in controversy, courts first look to the complaint and "the sum claimed by the plaintiff controls if the claim is apparently made in good faith." *Id.* (citation omitted). "[I]n assessing the amount in controversy, a court must assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Campbell v. Vitran Express, Inc.*, 471 F. App'x 646, 648 (9th Cir. 2012) (citation omitted). Where a complaint does not specify the amount of damages sought, the removing defendant need only establish that it is more likely than not that the amount in controversy requirement has been met.

*Lewis*, 627 F.3d at 399-401.  "The removing party's burden is 'not daunting,' and defendants are not obligated to 'research, state, and prove the plaintiff's claims for damages.'"  *Behrazfar v. Unisys Corp.*, 687 F. Supp. 2d 999, 1004 (C.D. Cal. 2009) (citation omitted).  To the contrary, the defendant need only need include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  *Dart Cherokee Basin Operating Co.*, 135 S. Ct. at 554.

17.  Although WDP contends that the allegations in the Complaint are without merit and that neither Plaintiff nor the putative class members have suffered any injury whatsoever, WDP believes that the amount of damages Plaintiff is seeking exceeds $5 million.  Plaintiff purports to represent a nationwide class of "hundreds" of "persons and entities…who are parties to a profit participation agreement on a motion picture distributed by [WDP], which does not have an express term requiring Home Video Revenue…to be accounted for based on a royalty percentage."  Compl. ¶¶ 28, 32.

18.  Additionally, Plaintiff alleges that it is a profit participant on the motion picture *Young Doctors in Love*.  *Id.* ¶ 7.  Since the release of *Young Doctors in Love* in 1982, this motion picture alone has generated more than $1.3 million in home video revenue.

19.  Although WDP disputes the allegations in the Complaint, Plaintiff also asserts that its claims are "typical of the claims" of the purported hundreds of other class members.  *Id.* ¶ 34.  Moreover, Plaintiff alleges that the agreements at issue in this case are the "standard motion pictures contract entered into between DISNEY or its predecessors in-interest and the Class members [and] require[] the calculation of income to be based on all of the revenue received by DISNEY."  *Id.* ¶ 1; *see also id.* ¶¶ 41, 48.  WDP, which is a subsidiary of The Walt Disney Company, is one of the world's largest motion picture studios, and its motion pictures frequently generate tens of millions of dollars or more in annual home video and other revenue.  Accordingly, based on Plaintiff's allegation that there are hundreds of

class members and that WDP's standard agreement contains the type of provision that is the subject of Plaintiff's claim, it is more than plausible that the amount in controversy meets the $5 million threshold for removal.

20. In addition, Plaintiff seeks to recover attorneys' fees on behalf of itself and the putative class, which amounts may also be taken into consideration for purposes of the alleged amount in controversy. *Id.* at 16 (Prayer for Relief); *see Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F3d 994, 1000 (9th Cir. 2007) (including attorneys' fees in calculating amount in controversy), *overruled on other grounds by Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345 (2013); *Kroske* v. *US. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (including attorney's fees in amount in controversy).

21. Further, Plaintiff seeks an injunction "requiring [WDP] to abide by the terms of its Contingent Compensation Agreements with regard to the Gross Receipts Provision by including 100% of the income derived from Home Video distribution in the future." Compl. at 15 (Prayer for Relief). The cost of compliance with such an injunction also supports that the amount in controversy has been met here. *See*, *e.g.*, *Bayol v. ZipCar, Inc.*, 2015 WL 4931756, at *10 (N.D. Cal. Aug. 18, 2015) ("[A] defendant's aggregate cost of compliance with an injunction is appropriately counted toward the amount in controversy.").

22. WDP disputes that it is liable to Plaintiff or any putative class member, or that Plaintiff or any putative class member suffered injury or incurred damages in any amount whatsoever. Based on Plaintiffs' allegations that there are hundreds of class members, the amount of home entertainment revenue Plaintiffs have placed in issue, the sizeable amount of attorneys' fees incurred in litigating this type of case, and the potential expense resulting from mandatory injunctive relief, it is more likely than not that the amount in controversy requirement has been met for removal under CAFA.

### IV. WDP HAS FULFILLED THE OTHER PROCEDURAL REQUIREMENTS REQUIRED FOR REMOVAL.

23. *Venue*. Plaintiff filed this action in the Superior Court of the State of California, County of Los Angeles. This action is thus properly removed to the United States District Court for the Central District of California, Western Division, which embraces Los Angeles County within its jurisdiction. 28 U.S.C. §§ 1441(a), 1446(a).

24. *Joinder*. Because there are no other named defendants in this action, no consent to removal is necessary. The Doe defendants, who have not been named or served, need not consent to this Notice of Removal. *See Soliman v. Philip Morris, Inc.*, 311 F.3d 966, 971 (9th Cir. 2002).

25. *Notice*. Pursuant to 28 U.S.C. Section 1446(d), a copy of this Notice of Removal is being filed with the Clerk of Court for the Superior Court for the State of California, County of Los Angeles and served upon counsel for Plaintiff.

### V. CONCLUSION

For the reasons stated above, this action is within this Court's original jurisdiction and meets all requirements for removal, such that removal is proper under 28 U.S.C. Sections 1332(d), 1441(a), and 1446. Accordingly, WDP respectfully removes this action from the Superior Court for the State of California, County of Los Angeles, to this Court.

Dated: January 11, 2019

DANIEL M. PETROCELLI
DREW E. BREUDER
TIMOTHY B. HEAFNER
O'MELVENY & MYERS LLP

By: /s/ Daniel M. Petrocelli
      Daniel M. Petrocelli
Attorneys for Defendant
Walt Disney Pictures